**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
MARK ANDREW FLETCHER,          )
                               )
         Plaintiff,            )
                               )
v.                             )    Case No. CIV-17-413-RAW-KEW
                               )
COMMISSIONER OF SOCIAL         )
SECURITY ADMINISTRATION,       )
                               )
         Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Mark Andrew Fletcher (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 56 years old at the time of the ALJ's latest decision.  Claimant completed high school.  Claimant has worked in the past as a tire service supervisor.  Claimant alleges an inability to work beginning November 1, 2011 due to limitations resulting from rotator cuff tear, right shoulder, status post, rotator cuff repair, left shoulder, osteoarthritis of the bilateral hands/wrists, and osteoarthritis of the bilateral knees.

**Procedural History**

On July 15, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 17, 2017, Administrative Law Judge ("ALJ") Deidre O. Dexter conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On July 3, 2017, the ALJ issued an unfavorable decision. On October 20, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work, with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinion of Claimant's treating physician; and (2) failing to reach an RFC which included all of Claimant's limitations.

**Consideration of Opinion Evidence**

In her decision, the ALJ determined Claimant suffered from the severe impairments of rotator cuff tear, right shoulder, status post, rotator cuff repair, left shoulder, osteoarthritis of the bilateral hands/wrists, and osteoarthritis of the bilateral knees. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ found that Claimant could lift, carry, push or pull up to ten pounds frequently and 20 pounds occasionally, could sit for up to six hours in an eight hour workday, and stand/walk up to six hours in an eight hour workday. Claimant could occasionally climb ramps or stairs or crouch. He should never climb ladders, ropes, or scaffolds. He was frequently able to handle or finger and could occasionally reach overhead. (Tr. 15).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of counter clerk, furniture rental clerk, and dealer account investigator, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 25-26). As a result, the ALJ found Claimant was not under a disability through December 31, 2014, the date last insured. (Tr. 26).

Claimant contends the ALJ failed to properly consider the

opinion evidence.  On August 4, 2016, Dr. Mark R. Rogow prepared a mental medical source statement on Claimant, noting that he began treating Claimant approximately three years prior to the report. He diagnosed Claimant with severe generalized osteoarthritis.  Dr. Rogoe found Claimant could sit for 15 minutes at a time and 25 minutes during an eight hour workday; could stand/walk for five minutes at a time and for 15 minutes in an eight hour workday, noting he "requires recliner"; could occasionally lift/carry up to five pounds; could not engage in reaching, simple grasping, pushing and pulling, or fine manipulation.  He could not use his feet for repetitive movements.  Dr. Rogow estimated that Claimant's symptoms and impairments would constantly interfere with the attention and concentration required to perform simple work-related tasks and would be required to take unscheduled breaks.  (Tr. 429).  Dr. Rogow also found Claimant could not bend, squat, crawl, climb, reach above head, stoop, crouch, or kneel.  He could not be exposed to unprotected heights, be around moving machinery, be exposed to dust, fumes, and gases, or be exposed to noise.  He could occasionally be exposed to marked temperature changes and drive automotive equipment.  (Tr. 430).

The ALJ determined that during Dr. Rogow's treatment notes included "multiple findings of tenderness, stiffness, joint abnormality, reduced range of motion, and pain."  She also

6

determined that Claimant was engaged in strenuous work and work with his hand while taking high dosages of narcotic pain medications which showed inconsistent results.  In a somewhat confusing fashion, the ALJ denied Dr. Rogow's opinion "controlling weight" because Claimant testified he continued working in his tire shop until 2015, which Dr. Rogow's treatment notes support.  However, Claimant testified at the hearing that he did not do this type of work after the alleged onset date, which was November 1, 2011.  The ALJ found Claimant's testimony to be inconsistent with "the objective medical evidence, shown in Dr. Rogow's notes, and in the orthopedic treatment records (below)."  She then concludes Dr. Rogow's opinion was on entitled to controlling weight.  (Tr. 19).

In the immediately following paragraph, she accorded Dr. Rogow's opinion on functional limitations "little weight" because it would not allow even sedentary work.  Id.  The ALJ then exhaustively recites evidence from the treatment records of Dr. Buie and Dr. Ogg which consistently show pain, stiffness, and soreness in line with Dr. Rogow's statements and impose significant restrictions upon his ability to lift, reach, and move without resulting pain.  (Tr. 382-427).  Admittedly, Dr. Buie's medical source statement provides for work at a light exertional level but still stated he believed Claimant was "disabled" and requiring further evaluation in order to properly assess Claimant's functional

abilities.  He was somewhat reluctant to arrive at a conclusion based upon one visit.  (Tr. 347-49, 431-36).

The assessment of Dr. Rogow's opinion based upon Claimant's alleged inconsistencies in testimony is suspect.  Moreover, other than Dr. Buie's qualified opinion, Dr. Rogow's functional findings find some consistency in the medical record, including the consultative report of Dr. Jimmie Taylor.  (Tr. 331-39).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record."  Id. (quotation omitted).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  Id. (quotation omitted).  The factors reference in that section are:  (1) the length of the

8

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). The basis given for the considerably reduced weight give to Dr. Rogow's opinion is not justified based upon the medical record and the assessment provided by the ALJ. On remand, the ALJ shall reassess this opinion evidence and the weight given

to his findings.

## RFC Determination

Claimant also provides a laundry list of other limitations which he concludes should have been included in the ALJ's RFC, citing to the transcript at pages 369-70. The referenced mental limitations are not mentioned in the portion of the record cited by Claimant. He also references two reports by Dr. Patricia Walz at Tr. 137-42 and 237-42, two DDS RFCs at Tr. 183-84, 258-60, and 727-44, and "twenty-two functional restrictions listed by Dr. Beguesse" citing Tr. 369-70 and 767-69). All of these records are non-existent in the administrative transcript filed in this case. Consequently, this argument is without merit.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within

fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE